HEINIG *v.* CROSIER.

CANCELLATION OF INSTRUMENTS—DEEDS—FAILURE OF CONSIDERATION.

Where a daughter induced her mother to execute deeds creating in them a joint tenancy in a farm belonging to the mother by promising to provide a home for the mother, and then failed to keep her promise, the mother is entitled to have the deeds canceled for failure of consideration.

Appeal from Lapeer; Smith (Henry H.), J. Submitted April 11, 1929. (Docket No. 100, Calendar No. 34,304.) Decided June 3, 1929.

Bill by Mary E. Heinig against Alice Lutz and Frances Mae Crosier to set aside deeds of land for failure of consideration. From decree for plaintiff, defendant Crosier appeals. Affirmed.

*George W. Des Jardins,* for appellee.

*Walsh, Walsh & O'Sullivan,* for appellant.

North, C. J. The plaintiff, Mary E. Heinig, was formerly Mary E. Edwards. The defendant Frances Mae Crosier is the daughter of plaintiff and her former husband, John Edwards, who died May 26, 1926. Mr. and Mrs. Edwards had lived on a 40-acre farm in Lapeer county for upwards of 30 years. The daughter had lived at home until she was past 20 years of age, when she was married and moved to Canada, where she has resided for 12 or 13 years with her husband. It is the plaintiff's claim that she was physically and to some extent mentally incapacitated following the death of her husband, and notwithstanding this that she was immediately importuned by her daughter to have the title to the homestead changed to one of joint tenancy between them. About six weeks after the death of Mr. Edwards, the plaintiff conveyed the property to the defendant Alice Lutz, who in turn conveyed it to plaintiff and her daughter, this being done for the purpose of establishing a joint tenancy in the property. Alice Lutz was made a party for the sole reason that the title was conveyed through her. She has filed a disclaimer and is therefore only a nominal party. Plaintiff seeks the cancellation of the two deeds above mentioned on the ground of failure of consideration, and asks that she be decreed to be the sole owner of the property.

It is the claim of the plaintiff that, as an inducement to convey an interest in this property, her daughter represented to her and promised her that she should have a home with the daughter during the remainder of the mother's life, and that she should be properly cared for as a member of the family, and that no other actual consideration passed for the deed. It is asserted by the plaintiff that instead of carrying out the arrangement between them, the daughter began a course of cruel and inhuman treatment immediately following the execution of the deed, which resulted in the plaintiff being able to remain in the home of her daughter in Canada, where she had gone to reside, for a period of only two or three weeks. Plaintiff thereupon returned to the vicinity of her former home, and did not receive any care or attention from her daughter prior to the filing of this bill of complaint in February, 1928, notwithstanding the mother's condition was such during a portion of the intervening time that she had need of care and attention as well as financial assistance.

On the 13th day of November, 1927, plaintiff was married to Mr. Heinig, and they went to reside on the Edwards farm. About a week later the daughter arrived, and plaintiff claims she and her husband were ordered by the defendant to vacate the premises. The daughter admits she made a rather hurried visit to the old home, but she denies she ordered her mother out, and explains her rather unusual conduct by claiming she was much surprised and grieved by her mother's marriage. Notwithstanding this claim on the part of the defendant, there is quite conclusive proof that soon after her father's death she suggested and urged the remar-

riage of her mother. The finding of the circuit judge contains the following:

"The question here is: (1) The real consideration for the making of these deeds. (2) Has defendant failed on her part to such an extent that equity ought to interfere to return to the plaintiff this land, the sole ownership of which would have remained in plaintiff had not these deeds in question been made.

"Taking up these elements in their order:

"(1) The proofs are convincing that the controlling motive behind plaintiff's consent to deed, brought about, no doubt, by defendant's insistence, was the prospect. of congenial relations, kindness, care, and a home with the daughter when needed, coupled with the prospect that the daughter's husband would assist in improving the premises conveyed. * * *

"This was not a proposition made by plaintiff, and neither is the interest in the land acquired by defendant a gift.

"(2) Plaintiff was directly promised and expected future kind treatment not only from the daughter but the son-in-law as well. It is of the daughter's conduct in particular the plaintiff complains.

"There is an abundance of proof that the attitude of the daughter was changed as soon as she had the deeds safely of record in the office of the register of deeds. That same evening her mother was informed rather formally that she (the defendant) 'had her where she wanted her, and now you can neither sell nor mortgage that land.'

"The conduct of the daughter towards the mother at the daughter's home in Canada was not in keeping with what the mother expected, or was promised. * * * The daughter offered her mother no aid nor comfort when she was sick or lame and in the face of the neighbor's testimony, and that of the physician, the defendant still maintains her mother

was not sick nor in need of care after Mr. Edwards' death. Finally the daughter 'took the bits in her teeth' and ordered her mother to pack up her effects and to leave the farm for Lansing. * * *

"This property belonged to the plaintiff. She had worked 33 years helping to accumulate it. The daughter acquired the interest she has of record by making promises. These promises have not been fulfilled."

A decree was granted by the circuit judge whereby the deeds in question were canceled, and a consideration of this record satisfies us that he was fully justified in so doing. The decree taken in the circuit is affirmed, with costs to the appellee.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.